IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA MELLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 C 6799 |
| ) | |
| CAROL FOX & ASSOCIATES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Joshua Mellin, a photographer, has sued Carol Fox & Associates (Fox), alleging that it infringed his copyright by posting some of his photographs on Facebook without authorization. Fox has moved for judgment on the pleadings, arguing that it posted the photographs based on an implied license from Mellin. For the reasons stated below, the Court denies the motion.

## Background

In its answer, Fox alleges that on September 26, 2018, three days before the opening night of an event called "Art on the Mart," Mellin e-mailed Fox—whose role relating to the event is not specified in the pleadings—seeking press access to the event. Specifically, Mellin wrote: "Reaching out to see if it might be possible to obtain press access for opening night of Art on the Mart this weekend to take some high quality images for potential editorial stories?" Answer, Ex. A at 5. Mellin added, "I would as well be willing to share any images for your use, or make any art prints

available at cost, with credit of course." *Id.* Fox responded, "We are happy to provide you access to photograph the opening launch of Art on the MART this Saturday." *Id.* The day before the event, Fox e-mailed Mellin confirming that he had been granted press access.

On September 29, 2018, a few hours after the opening of Art on the Mart, Mellin e-mailed Fox with links to Twitter and Instagram posts, noting that these featured "[s]ome photos I edited quickly for social media." *Id.* at 3. He also stated, "Can follow up with more once I have a chance to organize and edit. Thanks again for including me this evening!" *Id.*

The next day, Mellin emailed Fox again, stating "Here's a gallery" and including a link to a Flickr album. *Id.* Fox responded, "Thank you so much for sending these! I hope you enjoyed the event." *Id.* at 2. Mellin replied, "Of course, let me know should you have any use." *Id.*

On October 3, 2018, Fox replied to Mellin: "Can we use these photos for social media purposes? If so, can you please let us know the best way to download? We'll be sure to give you photo credit when posting." *Id.* at 1. To this, Mellin responded:

> Just getting on a plane to Texas so won't be able to have a download link for these until this afternoon. They can be used on twitter if I'm tagged with credit @joshuamellin in tweet, and on Instagram if I'm both tagged in the image and mentioned with credit in the caption @joshuamellin. I have to note, any other use, promotional or advertising, not cleared in advance, would result in the full cost of each image being used. My unlimited use rate for a single image is $6,400. . . . [S]o those would be the caveats on using for free on social.

*Id.* Fox replied: "Ok, we will be sure to credit if used. Thank you!" *Id.*

Fox subsequently posted on Facebook some of Mellin's photos of Art on the Mart. Mellin alleges that this was an unauthorized use of his photographs,

2

which he had registered with the United States Copyright Office.

In October 2019, Mellin sued Fox for copyright infringement. Fox answered the complaint and has now moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## Discussion

"In [deciding] a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). "To survive a motion for judgment on the pleadings, 'a complaint must state a claim to relief that is plausible on its face.'" *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020) (quoting *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018)). The Court must "view the facts in the complaint in the light most favorable to the nonmoving party." *Id.* (quoting *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Fox argues that it is entitled to judgment on the pleadings because its Facebook post was consistent with the terms of an implied nonexclusive license from Mellin. "[T]he existence of a license . . . creates an affirmative defense to a claim of copyright infringement." *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996). A nonexclusive license "permits the use of a copyrighted work in a particular manner," and the grant of such a license may be implied from conduct. *Id.* In *I.A.E.*, the Seventh Circuit set forth a three-factor test for determining whether an implied license exists: "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor

3

intends that the licensee-requestor copy and distribute his work." *Id.* at 776.

Mellin argues that there was no implied license because the first element is not satisfied: Fox did not request the creation of the photographs. *See id.* But the three-factor test from *I.A.E.* is not the exclusive test for creation of an implied license. *See Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 501 (5th Cir. 2012); *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 WL 2581168, at *5 (N.D. Ill. June 9, 2014) (Kennelly, J.); 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 10.03[7] (2020) (noting that it is problematic for courts to "transmute those three factors into the only applicable test"). There may be an implied license if the totality of the parties' conduct supports that one exists. *See Baisden*, 693 F.3d at 501.

Fox contends that it received an implied nonexclusive license to use Mellin's photographs through its e-mail exchange with him. Assuming this is so, Fox is nonetheless not entitled to judgment on the pleadings, because Mellin may be able to prove that the Facebook post exceeded the scope of any license that he gave to Fox.

"Implied licenses may be limited and a defendant who exceeds the scope of an implied license commits copyright infringement." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1235 (11th Cir. 2010). Limitations on an implied license must be set forth "at the time the[ ] works were delivered" to the licensee. *LimeCoral, Ltd. v. CareerBuilder, LLC*, 889 F.3d 847, 851 (7th Cir. 2018). A plausible inference may be drawn that any implied license that Mellin granted to Fox via their exchange of correspondence was subject to the limitation in Mellin's October 3 e-mail that Fox could post the photographs for which he was sending a download link only on Instagram and Twitter—not Facebook.

4

Fox argues that any such limitation was not valid because it was imposed after Mellin had already shared his photos with Fox. Prior to the October 3 e-mail in which Mellin contends he limited the scope of the license, he had already sent Fox links to a photo "gallery" on Flickr and his photos posted on Twitter and Instagram. Mellin responds that the links to his photos on Twitter, Instagram, and Flickr did not constitute delivery of his work to Fox, because the images accessible via those platforms were not in a usable, downloadable format.

The e-mails, viewed in the light most favorable to Mellin, support a reasonable inference that he did not deliver his photographs to Fox until October 3, when he imposed limitations on their use. Although Mellin had shared the Flickr, Instagram, and Twitter links prior to October 3, Fox's e-mail on that date requesting "the best way to download" the photos so that it could "use these photos for social media purposes" reflects that Fox did not yet have them in a usable format. Thus, a factfinder could reasonably conclude that Mellin's October 3 e-mail properly limited the scope of the implied license because he had not yet delivered the photos to Fox.

Because Mellin may be able to prove that the Facebook posting of his photographs exceeded the scope of the implied license, Fox is not entitled to judgment on the pleadings.

## Conclusion

For the foregoing reasons, the Court denies the defendant's motion for judgment on the pleadings [dkt. no. 19]. The case is set for status hearing, by telephone, on August 26, 2020 at 9:25 a.m., using call-in number 888-684-8852, access code 746-1053. Counsel should wait for the case to be called before announcing themselves.

Counsel are to promptly discuss a proposed discovery and pretrial schedule and are to file on August 19, 2020 a joint status report regarding this as well as the status of discussions regarding settlement.

                                              _____
                                                    MATTHEW F. KENNELLY
                                                    United States District Judge

Date: August 12, 2020